## UNITED STATE DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

| | |
|---|---|
| **JAMES E. GRAY** | DOCKET: |
| VERSUS | |
| **MARIE WILLIAMS, INDIVIDUALLY, NATHANIEL "ROY" WILLIAMS, INDIVIDUALLY, AND TOWN OF DELHI, LOUISIANA** | JUDGE: |

---

### COMPLAINT FOR DAMAGES UNDER 42 USC 1983, AND RELATED TORTS UNDER STATE LAW

---

**NOW INTO COURT**, comes, James E. Gray who is domiciled in the Town of Delhi, Parish of Richland, State of Louisiana, respectfully represents the following:

### INTRODUCTION

1.

This civil action is a lawsuit for damages resulting from violations of Petitioner's United States constitutional rights under the Fourth, and Fourteenth Amendments to the United States Constitution, and state law claims of assault and battery brought by **JAMES GRAY**, a natural person of full age of majority for severe personal injuries inflicted on Mr. Gray at the hands of **MARIE WILLIAMS** working under color of authority of state law who used illegally excessive force against Petitioner, causing damages. Damages are sought for the severe mental anguish, embarrassment and emotional injuries incurred by Petitioner, as well as physical and medical injuries sustained by Mr. Gray. Further, Defendants failed to provide adequate medical care to Petitioner after he was "tazed" multiple times and attacked by Officer **WILLIAMS**. Following his release from prison, he was treated for multiple injuries. Furthermore, based upon knowledge and

belief Officer **WILLIAMS** was hired by the **TOWN OF DELHI** under negligently and Chief **NATHANIEL "ROY" WILLIAMS** and the **TOWN OF DELHI** failed to remedy the situation by terminating Marie Williams before she attacked Gray.

## JURISDICTION

2.

This action arises under the Fourth, and Fourteenth Amendments to the United States Constitution, and under the Civil Rights Act of 1871, 42 U.S.C. sections 1983 and 1988. This Court has jurisdiction of this cause under 28 U.S.C. sections 1331 and 1343. Venue is proper under 28 U.S.C. Section 1391 in that all delictual acts occurred in the Western District of Louisiana.  Supplemental jurisdiction attaches to the state law tort actions under 28 U.S.C. 1367.

3.

Plaintiff James Gray is an adult residing in the Parish of Richland, State of Louisiana.

4.

Made Defendants herein are:

**MARIE WILLIAMS**, who, based upon knowledge, information and belief, who at all times relevant to this complaint, was an officer for the Delhi Police Department, Parish of Richland acting in the course and scope of her employment and under color of state law.

**NATHANIEL "ROY" WILLIAMS**, who, based upon knowledge, information and belief, individually, and in the capacity of the Chief of Police for the Delhi Police Department, upon knowledge, information and belief, who is sued under state law for negligent hiring and retention;

**TOWN OF DELHI**, who, based upon knowledge, information and belief, responsible for the Town of Delhi Police Department, the employer of Marie Williams and vicariously liable for state law delicts of Marie Williams through La. CC 2320.

## FACTUAL ALLEGATIONS

5.

On or about February 19, 2021, James E. Gray was detained and arrested by Officer **MARIE WILLIAMS**.

6.

Officer **WILLIAMS** pulled Mr. Gray over for the alleged commission of a traffic violation. Mr. Gray was with his family headed to a store to get gas for his vehicle. Mr. Gray was driving away from the location at Hwy. 17, Main Street, when he noticed the officer pull up behind him with overhead lights flashing. Mr. Gray promptly stopped his vehicle and exited as instructed.

7.

As Mr. Gray exited the car, he asked Officer **WILLIAMS**, "What did I do?" At no time did Mr. Gray make any threatening movements or comments.

8.

Immediately, and without warning or provocation, Officer **WILLIAMS** very aggressively slammed Mr. Gray on to the hood of her patrol unit, causing pain to his abdomen and groin. Thereafter, Officer **WILLIAMS** cuffed and placed Mr. Gray in her patrol car and transported him to the Delhi police station for booking.

9.

Officer **WILLIAMS** tased Mr. Gray in the groin and buttocks area multiple times in drive stun mode until another police officer had to physically pull Williams off of Gray.

10.

Officer **WILLIAMS** had no legal justification or cause to use her taser against Mr. Gray, while he was handcuffed and restrained in the back of her law enforcement vehicle.

11.

Mr. Gray sustained multiple bodily injuries and was denied medical treatment while in custody.

12.

Mr. Gray was required to seek treatment by his physician to examine, treat and care whereby incurring medical expenses for same, as well as for prescription medication.

**CIVIL RIGHTS VIOLATIONS: EXCESSIVE FORCE, FALSE ARREST**

13.

Plaintiff incorporates all the foregoing allegations, herein. Defendant, Officer **WILLIAMS**, used excessive force in the arrest and detention of James E. Gray in violation of the Fourth and Fourteenth Amendments to the Constitution.

14.

Defendant, Officer **WILLIAMS** instituted criminal process against the Mr. Gray without probable cause:

(a) Officer **WILLIAMS** intentionally and recklessly slammed Mr. Gray against her patrol car while handcuffing him resulting in injuries.

(b) Officer **WILLIAMS** intentionally and recklessly repeatedly tased Mr. Gray while he was handcuffed in the back of her patrol car without provocation.

**OUTRAGEOUS CONDUCT UNDER STATE LAW**

15.

Defendant Officer Marie **WILLIAMS**, acting under color of law and within the scope of her agency, recklessly and with the intention of causing Plaintiff severe distress, engaged in outrageous conduct by repeatedly tasing Mr. Gray while he was handcuffed in the back of her patrol car, without provocation.

16.

As a direct and proximate result of Officer **WILLIAMS** acts, which were so outrageous in character as to be utterly intolerable in a civilized community, Officer **WILLIAMS** did inflict serious injuries upon Mr. Gray and caused damages that violated Mr. Gray's rights as those rights are protected and guaranteed under the Constitution of the United States, and that of the State of Louisiana.

17.

Officer **WILLIAMS** engaged in conduct with malice and reckless or callous indifference to the rights of Mr. Gray.

18.

**STATE LAW VIOLATIONS AND VICARIOUS LIABILITY OF THE
TOWN OF DELHI, LOUISIANA FOR ACTIONS UNDER STATE LAW**

Officer **WILLIAMS** was acting under color of her authority as a **TOWN OF DELHI** Police Department officer. The **TOWN OF DELHI** is liable for all state law delicts and torts of

its employees committed in the course and scope of their employment. Therefore, the **TOWN OF DELHI** is vicariously liable for the injuries James E. Gray sustained and are indebted to James E. Gray.

## LIABILITY OF THE TOWN OF DELHI AND CHIEF WILLIAMS
## FOR NEGLIGENT HIRING AND NEGLIGENT RETENTION UNDER STATE LAW

19.

The Town of Delhi is responsible for the state law acts and omissions of the employees of the Town of Delhi Police Department.

20.

At all times pertinent Chief **WILLIAMS** and **TOWN OF DELHI** were negligent in not adopting adequate policies and procedures to enforce the procedures of the administrative hiring process, thus allowing an uneducated, mentally unstable and violent police officer onto the police force.

21.

Plaintiff alleges that Defendants, Chief **WILLIAMS** and **TOWN OF DELHI** were negligent in failing to properly screen its employees before hiring.

22.

Plaintiff alleges that Defendants, Chief **WILLIAMS** and **TOWN OF DELHI** were negligent in failing to train or terminate Officer **WILLIAMS'** hiring issue when it was brought to their attention, which contributed to Gray's injury.

23.

Plaintiff alleges that Defendants, Chief **WILLIAMS,** and the **TOWN OF DELHI** were negligent in failing to properly train and/or supervise Marie Williams in the use of reasonable force on a restrained suspect.

24.

At all times relevant, Defendant Officer **WILLIAMS** was employed by the **TOWN OF DELHI** Police Department and was acting in the course and scope of her employment.

25.

As a direct and proximate result of Officer **WILLIAMS'** actions, the Plaintiff, Mr. Gray, has sustained and suffered significant damages, to-wit:

a) Great physical pain, suffering and discomfort as a result of his bodily injuries;

b) Costs of medical treatment, hospital expenses and prescription medication arising out of this incident;

c) Loss of enjoyment of life and inconvenience;

d) Mental anguish, emotional distress, worry, fear and anxiety; and,

e) Otherwise hurt, injured, and caused to sustain losses.

26.

Plaintiff is owed damages for Defendant's battery and violation of Plaintiff's constitutionally protected rights against arrest without probable cause, excessive force, and police brutality.

27.

All delicts occurred in Richland Parish. Accordingly, venue is proper.

28.

Plaintiff seeks reasonable attorneys' fees under 42 USC 2000, et seq.

29.

Plaintiff also seeks punitive damages for willful indifference to his federally protected rights against Marie Williams.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that a copy of this petition be served upon Defendants, that they be cited to answer with the delays allowed by law, and that after all due proceedings, a judgment be rendered in favor of Plaintiff and against Defendant, awarding damages as determined at trial, court costs, punitive damages, reasonable attorney fees, interest on attorney's fees, judicial interest running from date of amicable demand, and any other relief Equity and Justice require.

Respectfully Submitted,

*/s/Joseph J. Long*
Joseph J. Long
LA Bar Roll #25968
251 Florida Street, Suite 308
Baton Rouge, Louisiana 70801
(225) 343-7288 (telephone)
joe@legal225.com